**BIENSTOCK & MICHAEL, P.C.**
Brent M. Davis, Esq. (BMD3139)
Continental Plaza
411 Hackensack Avenue, 7th Floor
Hackensack, New Jersey 07601
Telephone: (201) 525-0300

**DAVIS WRIGHT TREMAINE LLP**
Eric M. Stahl, Esq. (*Pro Hac Vice application forthcoming*)
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
Telephone: (206) 757-8148

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAJESH KUMAR,<br><br>                  Plaintiff,<br><br>   v.<br><br>THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC., a New York corporation<br><br>                  Defendant. | Civil Action No.:<br><br>**COMPLAINT<br>WITH<br>JURY DEMAND** |

Plaintiff Rajesh Kumar, by his undersigned counsel, alleges and hereby complains against The Institute of Electrical and Electronics Engineers, Inc. as follows:

**NATURE OF THE ACTION**

1. This is an action pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff is the author and copyright owner of a groundbreaking doctoral thesis in the field of robotics. Defendant is the publisher of articles

presented at a robotics conference that, without Plaintiff's permission, published an article that is derivative of and infringes on Plaintiff's thesis. Plaintiff seeks a ruling that the Defendant's article is infringing, an injunction against further unauthorized use of the article, and damages.

## PARTIES

2. Plaintiff, Rajesh Kumar, Ph.D., is an individual residing in Maryland.

3. Defendant, The Institute of Electrical and Electronics Engineers, Inc. ("IEEE"), is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business in Piscataway, New Jersey.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

5. This Court has personal jurisdiction over Defendant because Defendant resides and regularly does business in this judicial district and has availed itself of the laws and benefits of the State of New Jersey by doing business in the state.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and § 1400(a).

## FACTUAL ALLEGATIONS

7. Dr. Kumar is the author and copyright owner of a doctoral thesis entitled "An Augmented Steady Hand System for Precise Micromanipulation" ("Thesis"). The Thesis is based on over five years of groundbreaking, original work that Dr. Kumar performed at Johns Hopkins University.

8. In brief, the Thesis describes a system for "steady hand manipulation," in which a surgical tool is manipulated cooperatively by a human user and a robot. The Thesis explores

"encoding/utilizing task descriptions to improve transparency and performance of a steady hand manipulation task" in the particular context of retinal vein cannulation. The work was funded by the National Science Foundation. Dr. Kumar was the only computer science graduate student working on this project, and contributed to every aspect of the project.

9. The Thesis is an original work subject to copyright under United States law. It was published in 2001.

10. The Thesis is registered for copyright with the United States Copyright Office. The certificate of registration is No. TX-5-380-827, and has an effective date of September 25, 2001.

11. Defendant IEEE published an article entitled "Task Modeling And Specification for Modular Sensory Based Human-Machine Cooperative Systems," by D. Kragic and G. Hager, in the proceedings of the 2003 IEEE/RSJ International Conference on Intelligent Robots and Systems (the "Article").

12. The Article was published after the copyright registration for the Thesis was issued.

13. Upon information and belief, the Article was available to attendees at the conference, and appeared in the IEEE publications database ("IEEExplore") after the conference in 2003 or 2004, where it has been available for sale since.

14. The Article is based on, and not distinguishable from, the Thesis. The Article describes the same problem, experimentation and solution as the Thesis – namely, "human-machine cooperative systems" in the specific context of vitreo-retinal eye surgery. The work described in the Article was performed at the same laboratory, using the same equipment, as that in the Thesis.

3

15. The Article contains text and graphics that are copied from and/or substantially similar to protectable material contained in the Thesis.

16. The Article is a derivative work of the Thesis.

17. The Article does not identify Dr. Kumar as an author.

18. Although the Article bibliography references the Thesis, the citation is erroneous, and is transposed with a reference to an unrelated work. As a result, the Article attributes to the Thesis assertions that the Thesis does not make, while falsely stating that the Article takes an approach that differs from the Thesis. In fact, the approach described in the Article and the Thesis are indistinguishable.

19. Dr. Kumar did not authorize IEEE to publish the Article.

20. Dr. Kumar suffered a serious spinal injury in 2003 and, due to the resulting hospitalization, did not attend the 2003 IEEE/RSJ International Conference on Intelligent Robots and Systems. Rehabilitation from the injury has required considerable time and effort. For several years beginning in 2004, Dr. Kumar was employed as a systems analyst by Intuitive Surgical, Inc., which did not extend peer article access to individual employees and which prohibited its employees from authoring peer-reviewed articles. Due to his health, and the focus of his employment with Intuitive Surgical, Dr. Kumar was unaware of the Article at the time it was published.

21. Dr. Kumar discovered the existence of the Article, and its infringing content, in 2010, while doing background research for a National Science Foundation grant proposal that envisioned the use of the "steady hand" paradigm.

22. Dr. Kumar was unaware of the Article prior to 2010 and could not reasonably have discovered it before then.

23. Dr. Kumar notified IEEE of the infringement in writing, first on his own and later through counsel.

24. Dr. Kumar also requested that IEEE take corrective action, consistent with its internal policy regarding plagiarism.

25. To date, IEEE has refused to take any corrective action, and it continues to infringe the copyright in the Thesis.

**FIRST CAUSE OF ACTION**
**(Copyright Infringement)**

26. Plaintiff incorporates all previous allegations as if fully set forth herein.

27. Dr. Kumar holds all right, title and interest in and to the copyright in the Thesis.

28. Pursuant to 17 U.S.C. § 106, Dr. Kumar has the exclusive right to reproduce, distribute, display, and/or prepare derivative works from the Thesis.

29. By the actions alleged above, Defendant IEEE has infringed and will continue to infringe Dr. Kumar's copyright in the Thesis.

30. Defendant's infringements were and are willful.

31. Plaintiff is entitled to recover from Defendant all profits made by it as a result of the infringement, as well as Plaintiff's damages therefrom, or at Plaintiff's election prior to entry of judgment, statutory damages pursuant to 17 U.S.C. § 504.

32. Plaintiff also is entitled to recover from Defendant costs and attorneys' fees pursuant to 17 U.S.C. § 505.

33. Defendant's infringements have caused and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages, for which no adequate remedy at law exists. An injunction is warranted considering the balance of hardships, and the public interest will not be disserved by an injunction.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

34. There exists an actual controversy between Plaintiff and Defendant regarding rights in the Article and the extent to which the Article is infringing and copied from the Thesis.

35. Plaintiff owns the copyright in the Thesis, and neither assigned his rights in the Thesis nor authorized Defendant to publish material from it or a derivative work based on it.

36. Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that the Article and the text and graphics therein are original works of authorship owned by Plaintiff and that unauthorized by Defendant or others constitutes copyright infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1. A preliminary and permanent injunction, enjoining and restraining Defendant and all persons acting in concert with it from reproducing, distributing, displaying, offering for sale and/or selling, or performing the Article, or any material that is substantially similar to it;

2. Compensatory damages, including but not limited to losses suffered by Plaintiff and all gains, profits, and advantages Defendant has obtained by virtue of Defendants' infringement of the Thesis; or, if Plaintiff elects prior to judgment, for statutory damages, including $150,000 in statutory damages for Defendant's willful infringement of the Thesis;

3. A declaration pursuant to 28 U.S.C. § 2201 that the Article and the text and graphics therein are original works of authorship owned by Plaintiff and that unauthorized use by Defendant or others constitutes copyright infringement;

4. An award to Plaintiff of his reasonable costs and attorneys' fees ; and

5. Such other and further relief as the Court deems just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 5, 2012

s/ Brent M. Davis
Brent M. Davis, Esq.
Bienstock & Michael, P.C.

Eric M. Stahl, Esq.
Davis Wright Tremaine LLP

*Attorneys for Plaintiff*

Case 2:12-av-06800-KSH-CLW   Document 16509   Filed 11/05/12   Page 7   Page 7   PageID: 303

7